O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ALVARADO, | NO. CV 14-08448-FMO (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION WITH |
| v. | PREJUDICE; AND DENYING CERTIFICATE |
| PEOPLE OF CALIFORNIA, | OF APPEALABILITY |
| Respondent. | |

On October 30, 2014, Petitioner, a California prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the claim raised in the Petition is not cognizable and could not state any basis for federal habeas relief even if amendment were allowed. Therefore, the Petition must be summarily dismissed.

///
///
///
///

**BACKGROUND**

On December 11, 2008, Petitioner filed a Section 2254 habeas petition in Case No. CV 98-9446-RSWL (MAN) (the "First Action"). By Judgment entered on June 4, 1999, the First Action was dismissed without prejudice "for failure to prosecute."

On September 27, 1999, in Case No. CV 99-9820-RSWL (MAN) (the "Second Action"), Petitioner filed another Section 2254 habeas petition, which was identical to the petition filed in the First Action. The Second Action petition attacked Petitioner's 1996 conviction for second degree murder sustained in Los Angeles County Superior Court Case Number SA021068, for which Petitioner received a sentence of 19 years to life in state prison (the "State Conviction"). The Second Action was dismissed with prejudice on April 19, 2000, on the ground that it was untimely. On December 8, 2000, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 00-56075).[1]

On September 29, 2014, Petitioner filed a letter bearing the subject line "Habeas Corpus Time Extension To Timely File" ("Motion"). The Motion asked the Court to provide Petitioner with a 30-day extension of time to file a Section 2254 habeas petition with respect to an unspecified state conviction. On September 30, 2014, the Court denied the Motion without prejudice, on the ground that the Court lacked jurisdiction to consider it. Petitioner has not appealed.

The instant Petition stems from the 1996 State Conviction and raises a single claim, which challenges the restitution order imposed by the state trial court on July 2, 1996. Petitioner alleges that he should have received a restitution hearing to determine his ability to pay the amount of

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system and the dockets for the California Supreme Court and California Court of Appeal are available at: appellatecases.courtinfo.ca.gov.

restitution ordered, which was $5,000. He argues that this Court should strike the $5,000 restitution ordered by the state court and reduce the amount of restitution Petitioner must pay to $200.

Petitioner alleges that he has not filed any state post-conviction proceedings. (Petition at 3.) However, he has appended to the Petition copies of orders denying habeas relief issued by the trial court, the California Court of Appeal, and the California Supreme Court in 2013 and 2014, which appear to relate to habeas relief Petitioner sought regarding his July 2, 1996 sentence. Thus, it is possible that the restitution claim alleged in the Petition is exhausted.

## DISCUSSION

The Petition suffers from two obvious procedural flaws. First, in violation of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition does not name an appropriate Respondent. Pursuant to Rule 2(a), Petitioner was required to name as Respondent the state officer who has custody of him, *i.e.,* the Warden of his present institution. This procedural defect could be corrected if Petitioner were afforded leave to amend.

Second, it appears that the Petition is an unauthorized second or successive Section 2254 petition within the meaning of 28 U.S.C. § 2244(b), which provides that state habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). Petitioner's challenge to his restitution order appears to be the type of claim that could have been filed in the Second Action.

In any event, even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district

court must *first* obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 127 S. Ct. 793, 796 (2007). A review of the dockets for the Ninth Circuit show that Petitioner has not sought or obtained leave from the Ninth Circuit to file a second or successive petition in this Court.

By the Second Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here. The untimeliness of the Second Action "presents a 'permanent and incurable' bar to federal review," and the dismissal of the Second Action "constitutes a disposition on the merits" for purposes of Section 2244(b). McNabb, 576 F.3d at 1030 (citation omitted). The present Petition, thus, is second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)). As Petitioner has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition, this Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Generally, an unauthorized second or successive petition is dismissed without prejudice. Here, however, there is a readily-apparent and non-rectifiable defect that would render any further pursuit by Petitioner of his restitution claim futile and inappropriate. Accordingly, the dismissal of this action with prejudice is required.

28 U.S.C. § 2254(a) provides that a federal court may entertain a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The fact

of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

The claim alleged in the Petition is not cognizable in federal habeas review, because as the Ninth Circuit has made clear, the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. In Bailey, the petitioner pleaded guilty and was ordered to pay restitution. He filed a Section 2254 petition in which he alleged that his counsel provided ineffective assistance by not objecting to the restitution order imposed upon him. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction. Bailey, 599 F.3d at 977. The Ninth Circuit concluded that Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence," such as a restitution order. *Id.* at 982; *see also id.* at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order"); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement").

A challenge based on the imposition of a restitution fine -- whether direct or indirect -- does not provide the requisite jurisdictional nexus. Bailey, 599 F.3d at 981. The Ninth Circuit has made clear that this Court lacks jurisdiction to consider Petitioner's challenge to the restitution fine imposed by the trial court and Petitioner's complaint that he did not receive a hearing to determine his ability to pay restitution. *Id.* at 984 ("courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order"). Accordingly, the Petition is not cognizable and must be dismissed.

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed, with prejudice,

pursuant to Rule 4; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: November 5, 2014

                                                  /s/
                                   FERNANDO M. OLGUIN
                               UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE